UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FACETOFACE BIOMETRICS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>APPLE, INC.,<br><br>Defendant. | Civil No. 4:22-cv-00429<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

FacetoFace Biometrics, Inc. ("FacetoFace"), by and through its attorneys, for its Complaint against Defendant Apple Inc. ("Apple"), alleges as follows:

### PRELIMINARY STATEMENT

1.      This is an action for infringement of FacetoFace's United States Patent No. 11,042,623 (the "'623 Patent") based on Apple's manufacture, use, importation, offer for sale, and sale of devices that infringe the '623 Patent, including the Apple iPhone X, iPhone XR, iPhone XS, iPhone XS Max, iPhone 11, iPhone 11 Pro, iPhone 11 Pro Max, iPhone 12, iPhone 12 Mini, iPhone 12 Pro, iPhone 12 Pro Max, iPhone 13, iPhone 13 Mini, iPhone 13 Pro, and iPhone 13 Pro Max, and iPad Pro 11-inch and 12.9-inch (all generations) (the "Infringing Devices") in the United States.

### JURISDICTION AND VENUE

2.      This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.      This Court has specific and general personal jurisdiction over Apple in this district because of Apple's presence in this judicial district. Apple has availed itself of the laws

1

of Missouri. Apple has derived substantial revenue from the sales of the Infringing Devices in the State of Missouri and it has systematic and continuous business contacts with the State of Missouri. FacetoFace's claims arise out of and relate to, in part, out of Apple's contacts with the State of Missouri, including the import and sale of the Infringing Devices within the State of Missouri. Apple conducts business within the State of Missouri and has a registered agent in Missouri.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(b). Apple has committed acts of infringement in this district and has a regular and established place of business in this district.

## PARTIES

5. FacetoFace is a Delaware Corporation with its principal place of business in this judicial district.

6. Apple is a California corporation with at least two physical regular and established places of business in this judicial district.

## FACTS

**A.   The '623 Patent**

7. United States Patent 11,042,623 (the "'623 Patent"), entitled "Expression Recognition in Messaging Systems," was duly and legally issued on June 22, 2021, and names Eric Leuthardt and Scott Stern as the inventors (the "Inventors"). Attached as Exhibit 1 is a true and accurate copy of the '623 Patent.

8. Two of the '623 Patent claims are set forth below:

   a. Claim 1:

   1. A computer device comprising at least one processor in communication with at least one memory device, wherein the at least one processor is programmed to:
       receive a selection of an emoticon;
       monitor a sensor feed provided by one or more sensors of the computer device to detect a plurality of human facial expression states;
       automatically generate a dynamic emoticon that simulates the detected plurality of human facial expression states on the selected emoticon based on the sensor feed of the plurality of the human facial expression states; and
       route a message with the dynamic emoticon to a second computer device.

   b. Claim 11:

   11. A computer-implemented method of operating a messaging application, the method comprising:
       receiving a selection of an emoticon;
       monitoring a sensor feed provided by one or more sensors of a computer device to detect a plurality of human facial expression states;
       automatically generating a dynamic emoticon that simulates the detected plurality of human facial expression states on the selected emoticon based on the sensor feed of the plurality of human facial expression states; and
       route a message with the dynamic emoticon to a second computer device.

9. FacetoFace is the assignee of the entire right, title, and interest in the '623 patent.

10. The '623 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

**B.      Defendant's Infringing Activities and Products**

11.     Apple has and continues to infringe the '623 Patent by making, using, selling and offering for sale the Infringing Devices in the United States, including in this judicial district, and importing into the United States the Infringing Devices that are sold in this judicial district.

12.     The products that are the subject of this Complaint include the Apple iPhone X, iPhone XR, iPhone XS, iPhone XS Max, iPhone 11, iPhone 11 Pro, iPhone 11 Pro Max, iPhone 12, iPhone 12 Mini, iPhone 12 Pro, iPhone 12 Pro Max, iPhone 13, iPhone 13 Mini, iPhone 13 Pro, iPhone 13 Pro Max, and iPad Pro 11-inch and 12.9-inch (all generations).

13.     The Infringing Devices have a processor and memory device. These devices send, receive, monitor and generate a dynamic emoticon that are captured through the Infringing Devices' one or more sensors. The one or more sensors detect a plurality of human facial expressions.

14.     The devices monitor a sensor feed to detect a plurality of human facial expressions and generate a plurality of dynamic emoticons.

15.     The "Memoji" feature allows users to "create a Memoji to match a user's personality and mood, then send it in Messages and FaceTime. And with a compatible iPhone or iPad Pro, you can create an animated Memoji that uses your voice and mirrors your facial expressions."[1]

16.     The Infringing Devices contain a messaging application, "iMessage".

17.     iMessage contains a selection of emoticons.

18.     iMessage allows a user to send the created dynamic emoticons to other Apple devices.

---

[1] https://support.apple.com/en-us/HT208986

19. The Infringing Devices have computer-executable instructions.

20. The Infringing Devices allow a user to send, receive, and choose a number of emoticons.

21. The Infringing Devices automatically generate a dynamic emoticon that simulates a detected human facial expression. For example:



22. Apple has been and is inducing infringement of the '623 Patent by actively and knowingly inducing purchasers and owners of Infringing Devices to make, use, sell, offer for sale, or import the Infringing Devices that infringe the '623 Patent.

23. The Infringing Devices infringe at least claims 1, 2, 3, 4, 5, 7, 8, 11, 12, 14, 15, 17, and 18 of the '623 Patent.

24. Upon information and belief, future iterations of the Infringing Devices will infringe the '623 Patent.

## COUNT I
(Infringement of the '623 Patent)

25. FacetoFace repeats and realleges each of the preceding paragraphs as though fully set forth herein.

26. Apple has and is infringing the '623 Patent, including at least claims 1,2, 3, 4, 5, 7, 8, 11, 14, 15, 17, and 18 by making, using, selling, or offering for sale in the United States, or

importing into the United States, including within this judicial district, the Infringing Devices in violation of 35 U.S.C. § 271(a) through (c).

27. Apple has and is inducing infringement of the '623 Patent by actively and knowingly inducing others to sell, offer for sale, or import the Infringing Devices that infringe the '623 Patent.

28. Apple's acts of infringement of the '623 Patent have caused and will continue to cause FacetoFace damages for which FacetoFace is entitled to compensation pursuant to 35 U.S.C. § 284.

29. Apple's acts of infringement of the '623 Patent have caused and will continue to cause Apple immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283. FacetoFace has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, FacetoFace Biometrics Inc. requests judgment against Apple Inc., as follows:

A. Adjudging that Apple has infringed and actively induced infringement of the '623 Patent, in violation of 35 U.S.C. § 271(a) through (c);

B. Granting an injunction permanently enjoining Apple, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons or entities from infringing, contributing to the infringement of, or inducing infringement of the '623 Patent absent a license to Apple by FacetoFace;

C. Ordering Defendant to account and pay damages adequate to compensate FacetoFace for Defendant's infringement of the '623 Patent, including pre-judgment and post-

judgment interest and costs, pursuant to 35 U.S.C. § 284;

      D.      Ordering an accounting for any infringing sales not presented at trial and an award by the court of additional damages for any such infringing sales;

      E.      If Discovery and Evidence in this matter so warrants, Declaring this case exceptional and awarding FacetoFace its reasonable attorney fees, pursuant to 35 U.S.C. § 285; and

      F.      Awarding such other and further relief as this Court deems just and proper.

Dated:  April 13, 2022                    Respectfully Submitted,

                                      **THE SIMON LAW FIRM, P.C.**

*/s/ Anthony G. Simon*
Anthony G. Simon, MO Bar # 38745
Paul J. Tahan, MO Bar #73037
800 Market Street, Suite 1700
St. Louis, Missouri  63101
Phone:  (314) 241-2929
Fax:  (314) 241-2029
asimon@simonlawpc.com
ptahan@simonlawpc.com